ORIGINAL

# 14-3997

United States Court of Appeals
for the Second Circuit

Shmuel Klein
Plaintiff - Appellant

v.

Richard Smith, United Parcel Service, D. Scott Davis, George Kellinger,
Normine F. Jasmine, individually and in her official capacity as the Mayor
of the Village of Spring Valley, John Beltempo, individually and in his
official capacity as a police officer of the Village of Spring Valley Police
Department, Paul Modica, individually and in his official capacity as a
police chief of the Village of Spring Valley Police Department, Louis
Scorziello, individually and in his official capacity as a police officer of the
Village of Spring Valley Police Department
Defendants - Appellees

On Appeal from the United States District Court
for the Southern District of New York

Brief of Appellant Shmuel Klein

Shmuel Klein, pro se
Appellant Shmuel Klein
117 South Main Street
Spring Valley, NY 10977
845-425-2510

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................... 1

JURISDICTIONAL STATEMENT ................................................................ 2

ISSUES PRESENTED .................................................................................... 3

STATEMENT OF THE CASE ....................................................................... 3

STANDARD OF REVIEW ............................................................................ 4

FACTUAL ALLEGATIONS……………..……………………………….4

ARGUMENT.................................................................................................. 8

CONCLUSION .............................................................................................12

# TABLE OF AUTHORITIES

CASES                                                    Page

AEP Energy Services Gas Holding Co., et al., v. Bank Of America, NA, et al., No. 08-4196-cv (2d Cir. 29 Oct. 2010) ........................................................9

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).......9

Ingalls Shipbuilding, Inc. v. United States, 857 F.2d 1448,1451 (Fed. Cir. 1988).960 F.2d 1020, 22 U.S.P.Q.2d 1321 (Fed. Cir. 1992) (en banc)...............9

Interstate Commerce Commission v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) ........................................9

Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221 (1st Cir. 2003)......5

In re Sims, 534 F.3d 117, 132 (2d Cir. 2008).......................................5

## STATUTES & RULES

28 U.S.C. § 1291...................................................................2

FRCP 60 ...........................................................................9

## PRELIMINARY STATEMENT

This appeal is from a final Order of Judge Edgardo Ramos, Southern District of New York, entered on September 17, 2014 which denied Appellant's letter application dated September 3, 2014 to reopen his civil rights case after criminal convictions against him were reversed on appeal.

Appellant filed his civil case on March 24, 2011 in the Southern District of New York to preserve the statute of limitations for false arrest, §1983 and civil rights violations (hereinafter the "civil case") within one year of an alleged false arrest by the Village of Spring Valley, New York and a complaint for larceny filed by United Parcel Service (hereinafter UPS).

Appellant was prosecuted and convicted of misdemeanor larceny and resisting arrest, on or about March 25, 2011, which convictions were reversed on appeal by the New York Appellate Term on February 6, 2014. Appellant did not serve any Defendants in his civil case while the criminal case and the appeal were pending as the civil case may have been mooted by an adverse outcome against Appellant. The civil case was closed without prejudice, for failure to serve any defendants by Judge Ramos on March 28, 2012.

Approximately eight months after the Order from the Appellate Term reversed the criminal convictions against Appellant, the Rockland County District Attorney communicated in open court that he could not prove his case against

-1-

Appellant and dismissed all criminal proceedings against Appellant. Soon thereafter Appellant made application to Judge Edgardo Ramos to reopen his civil case, who denied the application to reopen. It is that order which is appealed.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Appellant timely filed a notice of appeal filed on 10/09/2014. The district court entered judgment on 9/17/ 2014 which denied Appellants letter application to reopen his case to be able to serve all defendants in his district court civil case.

The District Court originally had jurisdiction pursuant to 42 U.S.C. §1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), the First, Fourth, and Fourteenth Amendments of the United States Constitution, and pendent jurisdiction pursuant to 28 U.S.C. § 1367 under Article I, § 1, 1111 V, VIII of the Constitution. The actions of defendants were under color of law. Damages exceed $75,000.00. Venue is proper as all acts occurred in this District.

## ISSUES PRESENTED

Whether the District Court Judge erred and/or abused his discretion in refusing to allow Plaintiff to reopen his civil rights case, which was originally dismissed without prejudice, to serve defendants following the reversal of his criminal conviction.

-2-

## STATEMENT OF THE CASE

This appeal is from a final order of Judge Edgardo Ramos entered dated September 17, 2014 from each and every part thereof. Appellant filed a District Court civil action in the Southern District of New York on 03/24/2011.

After filing the case, the New York Rockland County District Attorney prosecuted the Appellant and obtained convictions. As a result of the convictions, Appellant justifiably believed his civil case could not be successful unless the convictions were reversed. Appellant therefore did not serve summons and complaints upon the various Defendants in his civil case. On 03/28/2012, the District Court Ordered "since plaintiff has not filed proof of service with the Clerk of the Court or showed cause in writing why a further extension of the time for service is warranted, the above-captioned action is dismissed **without prejudice**, and the case is hereby closed" (emphasis added).

The convictions were appealed to the New York State Appellate Term which reversed both convictions on or about February 6, 2014. For several months, the prosecutor waited regarding appealing the Appellate Term decision or re-trying Appellant. Finally, in the early fall of 2014 the prosecutor stated he would no longer pursue the criminal case and all criminal proceedings were dismissed against Appellant. Since the underlying convictions were a defense to Plaintiffs civil causes of action for false arrest and civil rights violations, now that those convictions were reversed, Appellant made application to reopen his civil

-3-

case to be able to continue that case now that the convictions had been reversed. The application was denied by Judge Edgardo Ramos on September 17, 2014 from which this appeal was filed.

## STANDARD OF REVIEW

This Court reviews a trial court decision for abuse of discretion arising from "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or [from] render[ing] a decision that cannot be located within the range of permissible decisions." In re Sims, 534 F.3d 117, 132 (2d Cir. 2008).

Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221 (1st Cir. 2003) ("[A]n abuse of discretion [also] occurs when the district court considers improper criteria, ignores criteria that deserve significant weight, or gauges only the appropriate criteria but makes a clear error of judgment in assaying them." ).

## FACTUAL ALLEGATIONS

The Appellant is the Trustee of SK Trust, the title owner of 268 Route 59, Spring Valley, NY (hereinafter the "premises"). As Trustee for the Trust, Appellant manages all the business of the Trust, including the rental of office space in the premises.

In or about 2006-2007, SK Trust rented a room in the premises to Israel Kraus, doing business as EZP Labels. At some time in late 2006, EZP failed to make monthly rent payments and Appellant, as Trustee of the SK Trust, commenced an eviction proceeding against Israel Kraus and EZP Labels.

-4-

On May 9, 2007 the Honorable Rhoda F. Schoenberger, Justice Court Judge, did enter Judgment against Israel Kraus and EZP Labels in the amount of $4,216.00 together with a warrant of eviction. The Judgment was recorded in the Rockland County Clerk's Office shortly thereafter. EZP vacated the premises; however, they never satisfied the judgment against them.

Upon information and belief, three years later, on or about early 2010, United Parcel Service (hereinafter "UPS") delivered a package or packages to 268 Route 59, Spring Valley, NY for the judgment debtor and former tenant Israel Kraus and EZP Labels. Appellant was not present when the package(s) were delivered and Appellant did not sign for the package(s). Appellant never requested the packages or in any way directed that UPS deliver said package(s). Appellant, never saw or touched the packages.

When Appellant became aware of the package(s), he immediately directed his staff to call Kraus, the judgment debtor, and tell him that a package or packages had been delivered. In fact, the judgment debtor did come to Appellants office and Appellant's staff asked for payment of the judgment. The judgment debtor stated he would return with payment and would pick up the packages then.

A short time after that, a UPS delivery employee came to Appellant's office and requested the package(s). Appellant stated to the UPS employee that the package(s) had a possessory judgment lien placed on them until the judgment would be satisfied. The UPS employee left.

-5-

Approximately one week later, UPS sent out its employee Richard Smith who again asked for the package(s). Appellant stated that the package(s) had a lien on them until the judgment would be satisfied. The UPS employee left.

Approximately one week later, UPS sent out its employee Richard Smith who again asked for the packages. Appellant again stated that the package(s) had a possessory lien on them until a judgment of SK Trust against EZP Labels would be satisfied. The UPS employee left.

On or about March 24, 2010, after UPS filed a criminal complaint against appellant. Spring Valley Police Department sent police officer Beltempo who was accompanied by UPS employee and retired police officer, who each entered 268 Route 59 and demanded the packages. Spring Valley police officer Belltempo did not have an arrest warrant or a search warrant. Appellant again responded to Beltempo that the package(s) had a possessory judgment lien on them until the judgment of SK Trust against EZP Labels would be satisfied. Beltempo began screaming at Appellant, shaking his fist at him and yelling, "give me those packages!!" Appellant calmly repeated that it was a Civil Matter and not a criminal matter and that the package(s) had a lien on them until a judgment of SK Trust against Kraus and EZP Labels would be satisfied. Appellant also offered to go to Justice Court and allow a Justice Court Judge determine whether or not Appellant had a valid lien. He declined the offer. At all times, the UPS employee Richard Smith did urge on Spring Valley Police Department officer Beltempo.

-6-

Officer Beltempo who is approximately 6'4" and weighs over 250 pounds blasted through the door, twisted Appellant's arms behind his back and hand cuffed Appellant. At that point, Officer Beltempo arrested Appellant.

Appellant said they could take the packages; however, Officer Beltempo rejected the offer and said "it's too late". He then man handled Appellant in front of Appellant 's 77 year old mother and the three other empolyees which caused terrible emotional distress and embarrassment to Appellant. Again, Appellant demanded that Officer Beltempo release him. Officer Beltempo refused and placed Appellant in the Village of Spring Valley police car. Appellant again told the Spring Valley Police officers that they could have the package(s). The sealed and unopened evidence/packages were then handed over to the UPS employee by officer Beltempo. The Police never retained custody of the package(s). Appellant was then transported for processing to Village of Spring Valley police station and held there for several hours, finger printed, photographed and hand-cuffed to a bench in a holding cell. He was later released several hours later without bail and told to walk the three miles back to his office.

After arraignment and numerous Court hearings, the charge was reduced to petit larceny and resisting arrest. During the criminal proceedings, Appellant did send to the Village of Spring Valley a notice of claim. Appellant then did file a civil rights case against the various defendants involved in the above referenced

-7-

incident. While the criminal proceedings continued against Appellant, he did not serve the summons and complaint on any defendants since it would have been mooted by a final conviction. The criminal matter against Appellant lasted over the span of one year until the Rockland County District Attorney did obtain a conviction on both counts. The convictions were timely appealed to the New York Appellate Term and the charge for resisting arrest was reversed and the conviction for petit larceny was remanded. After nearly six months after the reversal, the Rockland County Prosecutor elected to no longer pursue the matter.

On September 3, 2014, Appellant did write the District Court Judge Edgardo Ramos and requested that since the criminal matter had been concluded in Appellants favor, that the District Court civil case be reopened to allow Appellant to serve the various named Defendants. That application was denied by Judge Edgardo Ramos on September 17, 2014 from which this appeal was filed.

## ARGUMENT

Southern District Court Judge Edgardo Ramos abused his discretion when he denied Appellants pro se application to re-open his case to serve the Defendants after Appellant was successful in having the criminal proceedings against him terminated.

Abuse of discretion may be found when: (1) the trial court decision is "unreasonable, arbitrary, or fanciful"; (2) the decision was based on an erroneous conclusion of law; (3) the tribunal's findings are clearly erroneous; or (4) the record contains no evidence upon which the tribunal rationally could have based

-8-

its decision. The Supreme Court, in Citizens to Preserve Overton Park, Inc. v. Volpe, stated that an abuse of discretion occurs when a court's decision represents a "clear error of judgment. " 401 U.S. 402, 416 (1971); AEP Energy Services Gas Holding Co., et al., v. Bank Of America, NA, et al., No. 08-4196-cv (2d Cir. 29 Oct. 2010).

In this appeal, the District Court Judge abused his discretion when he refused to allow Appellant to reopen his civil rights case to serve all defendants. The request was reasonable in light of the lengthy criminal proceedings against Appellant. The denial of that request was unreasonable as there was no prejudice to anyone except Appellant. The Judge represented a clear error of judgment.

In a Patent case the Court stated: "Thus, for laches, the length of delay, the seriousness of prejudice, the reasonableness of excuses, and the defendant's conduct or culpability must be weighed to determine whether the patentee dealt unfairly with the alleged infringer by not promptly bringing suit." Ingalls Shipbuilding, Inc. v. United States, 857 F.2d 1448,1451 (Fed. Cir. 1988).960 F.2d 1020, 22 U.S.P.Q.2d 1321 (Fed. Cir. 1992) (en banc)

Regarding a federal agency proceeding, the Supreme Court in Interstate Commerce Commission v. Brotherhood of Locomotive Engineers Railroad Company v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) stated:

-9-

> Only when a petition to reopen and reconsider an agency order alleges new
> evidence or changed circumstances is the agency's refusal to reopen subject to
> judicial review, and then only as to whether such refusal was arbitrary, capricious,
> or an abuse of discretion.

In the case at bar, the change of circumstances was the conclusion of the

criminal matter in Appellants favor which supported his claims in his civil rights

civil law suit.

The Court in ICC supra further stated:

> If review of denial to reopen for new evidence or changed circumstances is
> unavailable, the petitioner will have been deprived of all opportunity for judicial
> consideration—even on a "clearest abuse of discretion" basis—of facts which,
> through no fault of his own, the original proceeding did not contain. By contrast,
> where no new data but only "material error" has been put forward as the basis for
> reopening, an appeal places before the courts precisely the same substance that
> could have been brought there by appeal from the original order—but asks them
> to review it on the strange, one-step-removed basis of whether the agency
> decision is not only unlawful, but so unlawful that the refusal to reconsider it is
> an abuse of discretion.

In the Order which is appealed, District Court Judge Ramos cited Civil

Rules of Civil Procedure Rule 60: Relief from a Judgment or Order.

The rule states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion
and just terms, the court may relieve a party or its legal representative from a
final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;

-10-

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

The Judge analyzed the rule, however, respectfully, the Judge abused his discretion in misapplying the rule.

The Court went through each of the sections of the Rule. The Court stated correctly that (b)(1) mistake; (b)(3)fraud; (b)(4) judgment void and (b)(6) any other reason that justifies relief (which the Trial Court stated as "extraordinary circumstances") - were all not applicable to the facts. However, the Court abused its discretion when it failed to address (b)(2) newly discovered evidence and the plain meaning of (b)(6)" any other reason that justifies relief".

-11-

The trial court misconstrued Appellants explanation that the prosecution and convictions prevented Appellant from going forward on his civil case. It did not consider that these matters would have mooted Appellants law suit until they were resolved. The Court failed to use its wise discretion and apply (b)(2) and (b)(6) now that the convictions were reversed and the District Attorney would no longer prosecute Appellant and therefore only now could Appellants case be reopened and allowed to proceed.

The Trial Court also misconstrued the effect of the convictions, believing that a physical incarceration was the cause of the delay and not the issue of mootness on the causes of action in Appellants complaint below as a result of the convictions. It was the ongoing criminal proceedings and the appellate process which were the delay. As soon as those proceedings were concluded in Appellants favor, Appellant requested his case be reopened. It was an abuse of the Trial Court's discretion in not allowing Appellant to reopen his case.

## CONCLUSION

WHEREFORE it is respectfully demanded that the District Court Order of September 17, 2014 be reversed with direction to the Judge to allow the case to be reopened.

Dated: February 4, 2015

Shmuel Klein,
Appellant, pro se
117 South Main St
Spring Valley, NY 10977
845-425-2510

-12-

## CERTIFICATE OF SERVICE

I, Elizabeth Rivera, duly sworn on my oath, I am not a party to this action am over 18 years old and I served the foregoing Appellants Brief on February 4, 2015 by first class mail to:

Village of Spring Valley
Village Attorney
200 North Main Street
Spring Valley, N.Y. 10977


United Parcel Service
Brian D. Boone
Firm: Alston & Bird LLP
101 South Tryon Street, Suite 4000,
Charlotte, NC 28280

_____
Elizabeth Rivera

_____
Notary

**JOSHUA N. BLEICHMAN**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01BL4653779**
Qualified in Rockland County
My Commission Expires August 31, 2017

### Certificate of compliance

The brief complies with the type-volume limitation. The number of words in the brief is 3185.

_____
Shmuel Klein, pro se